[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ANSWER TO MOTION FOR ARTICULATION
In this motion dated November 16, 1993, the plaintiff moved for articulation of two specific issues which were not discussed in the court's decision dated February 23, 1993.
1.
The plaintiff's motion first asked the court to articulate its decision concerning the due process argument regarding the notice of the charges in Count I of the complaint.
This concerns Paragraphs 6, 7, 8 and 9 of the First Count of the complaint. These read as follows:
 "6. Section 4-177(b) of the Connecticut General Statutes provides in relevant part: "[The notice of hearing shall include] a short and plain statement of the matters asserted. CT Page 3400 If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter upon application a more definite and detailed statement shall be furnished." (Emphasis Added.)
 7. By application for More Definite and Detailed Statement dated March 29, 1988, plaintiff, through his counsel, requested and applied for a more definite and detailed statement of the charges.
 8. By correspondence dated April 6, 1988, Staff Attorney for the defendant DHS, Stephen Varga (hereinafter referred to as "Varga") refused to provide the requested more definite and detailed statement.
 9. As a result of the defendant DHS's and Varga's intentional and wilful withholding of information, the plaintiff was denied and deprived of his constitutional rights under the constitutions of the State of Connecticut and the United States of America of notice, due process and a fair hearing."
The defendant's brief on page 5 in the First Section thereof headed "The plaintiff was provided adequate notice of the charges brought by the defendant against him." discusses this matter at length in 4 pages of the brief.
The court adopts the reasoning of the defendant concerning this issue and finds that the defendant's analysis adequately sets out the court's reasoning concerning its decision about the due process claim.
2.
The plaintiff's motion also asked the court to articulate its decision concerning the admission of an affidavit by a patient of the plaintiff, regarding the charge in Count V of the complaint. This was Exhibit 7.
This concerns Paragraph 6 of the Fifth Count of the Complaint which reads as follows:
 "6. The admission into evidence of the defendant DHS's Exhibit 7 was improper and highly prejudicial in one or more CT Page 3401 of the following ways:
 (a) In that said Exhibit 7 was obtained by informing the alleged sender that it would be used in an investigation of the plaintiff;
 (b) In that it was admitted without the proper foundation;
 (c) in that it became instrumental in the bringing of charges by the defendant DHS;
(d) In that it was not properly authenticated; and
 (e) In that said Exhibit 7 was admitted when it was an unsubstantiated and unreliable out-of-court statement offered for the truth of the matter asserted."
The defendant's brief on Page 13 of the Fourth Section thereof headed "Admission of Showalter's Complaint Was Not Error." discusses this matter at length in 3 pages of the brief.
The court adopts the reasoning of the defendant concerning this issue and finds that the admission of the Showalter Complaint in fact was not error.
THOMAS J. O'SULLIVAN, TRIAL REFEREE